UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JORGE TRUJILLO,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>R. BRUCE BANNISTER, et al.,<br>　　　　　　　　　　Defendants. | Case No. 2:15-cv-01362-MMD-PAL<br><br>**ORDER**<br><br>(Mot. to File Under Seal – ECF No. 17;<br>Mot. Ext. Time – ECF No. 18) |

This matter is before the court on Motion for Leave to File Motion Under Seal, or in the Alternative, for Leave to File Confidential Documents Under Seal in Support of Defendants' Motion to Enforce Good Faith Settlement (ECF No. 17) ("Motion to File Under Seal") and Motion to Extend Time to Answer Complaint (ECF No. 18) filed by Defendants James Cox, Dr. Francisco M. Sanchez, and Brian E. Williams. These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motions, Plaintiff Jorge Trujillo's Responses (ECF Nos. 19, 20), and Defendants' Replies (ECF Nos. 21, 22).

Mr. Trujillo is a pro se prisoner in the custody of the Nevada Department of Corrections. He has received permission to proceed *in forma pauperis* ("IFP") in this case pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* Order (ECF No. 15). On July 15, 2015, Trujillo commenced this action by filing an IFP Application (ECF No. 1) and complaint. Upon review of the complaint, the court determined that it stated a plausible claim for deliberate indifference to serious medical needs against Defendants James Cox, Dr. Francisco M. Sanchez, and Brian E. Williams (the "NDOC Defendants"). Screening Order (ECF No. 3). The court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. *Id.*

A mediation conference was held of March 25, 2016, before Mediator Gary E. Schnitzer and counsel from the Nevada Office of the Attorney General ("Attorney General") appeared on behalf of the NDOC Defendants. *See* Mins. of Proceedings (ECF No. 7). The parties purportedly reached a settlement through mediation. *Id*.

The Attorney General subsequently filed a Status Report (ECF No. 8) and Supplements (ECF Nos. 9, 12, 13) addressing the results of the mediation. Although parties appeared to have reached a settlement, the Attorney General informed the court that Mr. Trujillo later refused to sign the settlement agreement and/or stipulation to dismiss. *See* Supplement (ECF No. 9). On May 24, 2016, the Attorney General filed an updated status report indicating that Trujillo continued to refuse to sign the settlement agreement. Supplement (ECF No. 13). The Attorney General indicated that it intended to proceed with this action. *Id.* Thus, the court entered an Order (ECF No. 15) directing electronic service of the complaint on the Attorney General and instructing that a notice be filed indicating the names of the defendants for whom the Attorney General accepts service, and those it does not. *Id*. ¶ 2. On June 16, 2016, the Attorney General accepted service on behalf of all three NDOC Defendants. *See* Notice Acceptance of Service (ECF No. 16).

**I.      MOTION TO FILE UNDER SEAL (ECF NO. 17)**

The NDOC Defendants filed this Motion on July 12, 2016, asking the court for leave to file under seal a motion to enforce good faith settlement ("enforcement motion") and several exhibits. In the alternative, the NDOC Defendants ask to file under seal the following exhibits: Exhibit A – the sealed inmate early mediation conference transcript, Exhibit D – Trujillo's medical records, and Exhibit E – a letter from defense counsel to the Associate Warden. The NDOC Defendants argue that the "primary reason" the enforcement motion should be filed under seal is that it is replete with references to a sealed transcript, which the court ordered not be disclosed to any parties not directly concerned with this case. *See* Order (ECF No. 11). The enforcement motion purportedly states the exact terms of the settlement contained within the sealed transcript. If the enforcement motion is not filed under seal, then the filing itself would undermine the court's instruction that defense counsel not to disclose the contents of the sealed transcript to persons unaffiliated with this case. The same is true for the exhibits. "In one way or another, every exhibit

2

refers to at least one term or understanding from the sealed transcript." Mot. (ECF No. 17) at 4. The proposed enforcement motion and its exhibits were not attached to the Motion to File Under Seal for the court's review.

As a general matter, there is a strong presumption of access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons'." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)). Although public "access to judicial records is not absolute," the strong presumption of access to judicial records "applies fully" to dispositive pleadings, motions and related attachments. *Kamakana*, 447 F.3d at 1178–79. Thus, a movant must show "compelling reasons" to seal judicial records attached to a dispositive motion. *Id*. (citing *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). The Ninth Circuit adopted this principle of disclosure for dispositive motions because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Kamakana*, 447 F.3d at 1179 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

"Generally speaking, compelling reasons exist when court records 'might have become a vehicle for improper purposes,' such as to gratify private spite, promote public scandal, commit libel, or release trade secrets." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 429 (9th Cir. 2011) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The need to protect medical privacy typically qualifies as a "compelling reason" for sealing records. *See, e.g.*, *Abbey v. Hawaii Employers Mut. Ins. Co. (HEMIC)*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010) (allowing defendant to file under seal exhibits containing sensitive personal and medical information). When applying the compelling reasons standard, "a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos*, 605 F.3d at 679. "Relevant factors" include, but are not limited to, the "public interest in understanding the judicial process

and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id*.

To the extent that a sealing order is permitted, it must be narrowly tailored. *See, e.g.*, *Press-Enterprise Co. v. Superior Ct. of Cal.*, 464 U.S. 501, 512 (1984). The Supreme Court has instructed that a sealing order should have been "limited to information that was actually sensitive," that is only the parts of the material necessary to protect the compelling interest. *Id.* Thus, even where a court determines that disclosure of information may result in particularized harm, and the private interest in protecting the material outweighs the public interest in disclosure, a court must still consider whether redacting confidential portions of the material will leave meaningful information available to the public. *See In re Roman Catholic Archbishop*, 661 F.3d at 425 (citing *Foltz*, 331 F.3d at 1136–37).

The court denies the Motion to File Under Seal (ECF No. 17) without prejudice because the proposed enforcement motion and its exhibits were not submitted to the court for review. The court cannot analyze the relevant factors without reviewing the documents. When requesting leave to file under seal, first, a party must file its underlying brief or motion. Second, the party files its motion to seal on the public docket without the confidential documents and "links" this motion to seal in CM/ECF to the underlying motion. *See* LR IC 2-2(d).[1] For example, if a party asks to seal exhibits pertaining to a motion to dismiss, the party would link the motion to seal in CM/ECF to the motion to dismiss it previously filed. Third, the party files the confidential documents *under seal* in CM/ECF as "Sealed Exhibit(s)" and links the sealed exhibit(s) to its motion to seal. To submit both a redacted motion on the public docket and unredacted motion under seal, the party will: (1) publically file the redacted motion; (2) publically file the motion to seal, linking it to the redacted motion; and (3) file the unredacted motion and confidential exhibits under seal as a "Sealed Exhibit," linking this sealed exhibit to its motion to seal.

Here, the NDOC Defendants did not address whether the enforcement motion and its

---

[1] If the motion to seal itself contains confidential information, the moving party may file a *redacted* motion to seal on the public docket and an *unredacted* motion. However, this practice is disfavored as litigants should attempt to meet their burden under *Kamakana* without specific references to confidential information.

exhibits can be redacted in order to protect Trujillo's medical privacy while still leaving meaningful information available on the court's docket. To narrowly tailor a sealing request, the NDOC Defendants are advised to file a *redacted* enforcement motion, including non-confidential exhibits, on the public docket as its underlying motion.

To streamline the process of sealing or unsealing documents as may be necessary, the Local Rules require litigants not to combine their motion to seal, memorandum of points and authorities, declaration, and/or exhibits into one PDF document and then file that single PDF as the "main document" in CM/ECF's document upload screen. LR IC 2-2(a), LR IA 10-3. Combining papers makes it impossible for the Clerk of the Court to unseal specific documents the court finds should not be sealed because the docketing clerks cannot separate the pages for sealing purposes. *See* LR IA 10-5(b). Instead, the Local Rules require litigants to save *each* document or exhibit they want sealed as a separate PDF document and then file each PDF in CM/ECF's document upload screen as "attachments" to a main document. In other words, each exhibit must be filed as a sub-document to the main filing. For example, a main document such as a motion would receive the main docket number (*e.g.*, ECF No. 100), while each exhibit will receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 100-1), Exhibit B (ECF No. 100-2), Exhibit C (ECF No. 100-3), and so forth). The shortcut of filing only one PDF inevitably causes additional work for the court, docketing clerks, and litigants. Should leave to file under seal be granted for some but not all documents, the court must then order litigants to refile the unsealed documents, rather than simply instructing the docketing clerks to unseal the documents the court has found should not remain sealed.[2]

Additionally, a subsequent motion to seal must provide a particularized showing for each document the NDOC Defendants seek to file under seal. *See Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). The NDOC Defendants reliance on the Order (ECF No. 11) to justify sealing was misplaced. The court entered the Order to facilitate transcription of the inmate mediation conference, but the court did not find that any specific documents or statement

---

[2] Counsel are responsible for informing themselves and instructing their staff regarding the correct procedures for filing under seal. The parties are encouraged to contact the CM/ECF Helpdesk at (702) 464-5555 prior to filing should they have any technical questions. For additional direction, the parties may also refer to the updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the court's website.

within the transcript is secret or confidential. In fact, the court's minutes publically stated that a settlement was reached, even though no terms or specifics were provided. *See* Mins. of Proceedings (ECF No. 7). The court appreciates that the Motion to File Under Seal (ECF No. 17) was filed to comply with the defense counsel's obligation to abide by the Order and refrain from disclosing the contents of the sealed transcript to persons unaffiliated with this case. However, a statement that the NDOC Defendants would violate the Order if they are not given leave to file the entire enforcement motion under seal does not establish compelling reasons for sealing a dispositive motion and the attached documents. For the reasons explained, the court denies the Motion to File Under Seal without prejudice.

II. **MOTION TO EXTEND TIME TO ANSWER COMPLAINT (ECF NO. 18)**

Out of an abundance of caution due to the pending Motion to File Under Seal, the NDOC Defendants also filed a Motion to Extend Time to Answer on July 29, 2016. The June 1, 2016 Order (ECF No. 15) stated that the Attorney General must "file and serve an answer for answer or other response to the complaint" within 60 days from the date of the order. *Id*. at 3 ¶ 7. The Motion to Extend Time to Answer was filed before the expiration of the deadline. For good cause appearing, this motion is granted.

Accordingly,

**IT IS ORDERED:**

1. The NDOC Defendants' Motion for Leave to File Motion Under Seal, or in the Alternative, for Leave to File Confidential Documents Under Seal in Support of Defendants' Motion to Enforce Good Faith Settlement (ECF No. 17) is DENIED without prejudice.

2. The NDOC Defendants' Motion to Extend Time to Answer Complaint (ECF No. 18) is GRANTED. The NDOC Defendants' answer shall be due within 14 days after entry of a decision on enforcement motion, provided any claims remain.

Dated this 26th day of October, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE