UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JORGE TRUJILLO, | Case No. 2:15-cv-01362-MMD-PAL |
| Plaintiff, | ORDER |
| v. | |
| R. BRUCE BANNISTER, *et al.*, | |
| Defendants. | |

**I.     SUMMARY**

Before the Court is Defendants' motion to enforce settlement ("Motion"). (ECF No. 24.) Plaintiff filed a response (ECF No. 29) and Defendants filed a reply (ECF No. 30). Plaintiff then filed a response to Defendants' reply (ECF No. 31). Plaintiff did not obtain leave of court to file his sur-reply as required under LR 7-2(b). Defendants' motion to strike Plaintiff's sur-reply (ECF No. 32) is granted. Defendants' motion for leave to file Plaintiff's medical records under seal (ECF No. 25) is granted. For the reasons discussed below, Defendants' Motion is granted.

**II.    RELEVANT BACKGROUND**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that for eight years, Plaintiff has had severe pain in the right area of his stomach. (ECF No. 4 at 3.) Plaintiff alleges he has gone to medical many times over the years to request accurate diagnosis and proper treatment but prison officials have denied Plaintiff's requests for outside treatment. (*Id.*)

After screening of the complaint pursuant to 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed on two claims for deliberate indifference to serious medical needs against Defendants Dr. Sanchez, Williams, and Cox. (ECF No. 3.) The Court stayed the case to allow the parties to participate in mediation. (*Id.*)

At the mediation held on March 25, 2016, the parties reached a settlement that was placed on the record by the mediator. (ECF No. 7.) The settlement terms involved Defendants agreeing to (1) have a medical doctor review Plaintiff's medical records within 30 days of the signing of the settlement agreement; (2) provide for Plaintiff to have an in person meeting with the medical doctor about his medical status within 30 days of the signing of the settlement agreement; and (3) take all necessary medical actions based on such doctor's recommendations. (ECF No. 14 at 3-4.) In exchange, Plaintiff agreed to dismiss this case. (*Id.*) The mediator informed Plaintiff to expect a document that will memorialize the terms that they discussed. (*Id.* at 4.) Defendants subsequently reported that Plaintiff refused to sign the settlement agreement or a stipulation to dismiss this case after having received some of the benefits under the settlement agreement. (ECF No. 13.)

Defendants offer evidence to show that consistent with the settlement terms, on April 4, 2016, Plaintiff was transported to Southern Desert Medical to have a personal consultation with an NDOC medical provider, Dr. Vicuna, to go over Plaintiff's medical concerns. (ECF No. 24. at 3-4.) A Correctional Charge Nurse attended the consultation with Dr. Vicuna. (*Id.* at 3.) However, Plaintiff later indicated that he did not want a nurse present at the consultation and he wanted to consult an outside specialist. (ECF No. 24-7.)

**III.    DISCUSSION**

Defendants' Motion asks the Court to enforce the terms of the parties' settlement agreement and either declare that the Court has jurisdiction to dismiss this case or to order Plaintiff to enter into a stipulation to dismiss this case pursuant to the terms of the

///

2

parties' settlement agreement as placed on the record. (ECF No. 24.) The Court finds that it has jurisdiction to dismiss this case based on the terms of court ordered mediation.

A court has the equitable power to enforce an oral settlement agreement when the parties placed the material terms of the settlement agreement on the record. *See Doi v. Halekulani Corp.,* 276 F.3d 1131, 1134 (9th Cir. 2002). "However, the district court may enforce only *complete* settlement agreements." *Callie v. Near,* 829 F.2d 888, 890 (9th Cir. 1987) (emphasis in original). In *Doi,* the parties had negotiated settlement terms that were placed on the record and agreed that they would sign a written agreement to memorialize the terms and a stipulation for dismissal. The plaintiff subsequently declined to sign the written agreement or proposed stipulation. The district court found that the oral settlement agreement was binding and granted the defendant's motion to enforce. The Ninth Circuit Court of Appeals affirmed.

As in *Doi,* the parties reached a meeting of the minds on material terms that the mediator placed on the record. The terms require Defendants to do three things: (1) have medical doctor review Plaintiff's medical records, (2) allow for Plaintiff to personally consult with a medical doctor about his medical conditions and (3) take all necessary medical actions based on such doctor's recommendations. (ECF No. 14 at 3-4.) In exchange, Plaintiff agreed to dismiss this action. (*Id.*) Defendant was required to perform the first two items within 30 days from signing of the settlement agreement. (*Id.*) The mediator confirmed with Plaintiff that he understood and agreed to these terms. (*Id.* at 4.) It was understood that a written settlement agreement would be prepared to memorialize these terms (*id.* at 4); the parties did not agree to leave any terms to be addressed later. Thus, the settlement agreement was complete and all that remained was for the terms to be reduced to writing.

Plaintiff argues that Defendants have not performed their part of the agreement because an NDOC nurse was present at the face-to-face meeting with the doctor, and the doctor would not address Plaintiff's concerns nor agree to his request to be seen by an outside specialist. (ECF No. 29.) However, the agreement did not address whether a

3

nurse may be present during Plaintiff's consultation with the doctor. The agreement leaves it up to the medical doctor to make recommendations, but does not dictate what actions the doctor has to take after the meeting with Plaintiff. The parties did not agree that the medical doctor would be an outside provider. The parties did agree, however, that Defendants would take all medically necessary actions recommended by the doctor. (ECF No. 14 at 3.) That Plaintiff disagrees with the doctor's recommendations is not a basis for Plaintiff to challenge formation of the settlement agreement based on the terms placed on the record.[1] (ECF No. 24-7.)

The parties reached a complete settlement agreement during the mediation based on the terms placed on the record. That agreement requires Plaintiff to dismiss this action in exchange for Defendants' agreement to address Plaintiff's medical concerns. Accordingly, the Court will enforce the parties' agreement and dismiss this action.

## IV. CONCLUSION

It is therefore ordered that Defendants' motion to enforce settlement (ECF No. 24) is granted.

It is further ordered that Defendants' motion for leave to file medical records under seal (ECF No. 25) is granted.

It is further ordered that Defendants' motion to strike (ECF No. 32) is granted. The Clerk is instructed to strike Plaintiff' reply in response to Defendants' reply (ECF No. 31).

Pursuant to the settlement agreement, this case is dismissed. The Clerk is instructed to close this case.

DATED THIS 2nd day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The Court offers no opinion as to whether Plaintiff may assert a claim for breach of the parties' settlement agreement based on his contention as to the doctor's recommendation and Defendants' failure to act in good faith.

4